# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 50039 - 1-3 | **DATE** | 8/2/2004 |
| **CASE TITLE** | United States vs. Priola | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the motion to dismiss based on the statute of limitations is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| ✓ | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 02 2004 | |
| | Notified counsel by telephone. | date docketed | 56 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 8-2-04 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| LC | courtroom deputy's initials | 2004 AUG -2 PM 12:32 mailing deputy initials | |
| | | Date/time received in central Clerk's Office | |

# MEMORANDUM OPINION AND ORDER

All three defendants, Phillip Priola, Thomas Priola, and Lynnann Gage, filed a motion to dismiss the indictment as barred by the applicable six- year statute of limitations. The government responds that the statute of limitations does not justify dismissal for two reasons: pursuant to 26 U.S.C. § 7609(e)(2), the statute of limitations was suspended during the time it took to enforce the summons issued to Thomas Priola and Lynnann Gage for their handwriting exemplars; and the alleged overt acts of Phillip Priola as late as October 8, 1999, were in furtherance of the continuing conspiracy and were attributable to both Thomas Priola and Lynnann Gage, thereby extending the starting time for the statute of limitations to that later date. Defendants reply that section 7609(e)(2) does not apply by virtue of section 7609(c)(2)(E) and that the later acts of Phillip Priola were mere acts of concealment of a discontinued conspiracy from which Thomas Priola and Lyannann Gage had withdrawn as evidenced by the sale of the business.

The court need not rule on the applicability of section 7609(e)(2) as the court finds, based on the allegations and evidence before it, that the indictment is not barred by the statute of limitations as to any of the three defendants. In order to prove a conspiracy, the government must prove that the conspiracy existed and that each defendant was a member at some point in the applicable limitations period preceding the date of the indictment. United States v. Wren, 363 F. 3d 654, 663 (7th Cir. 2004). The statute of limitations does not begin to run until the offense expires or from the last act in furtherance of the conspiracy. Wren, 363 F. 3d at 663. Also, the government need not prove any overt acts of a particular defendant within the limitations period but must show that the conspiracy existed into the limitations period and that the defendant did not withdraw from the conspiracy prior to that time. Wren, 363 F. 3d at 663. In fact, a defendant's membership in the conspiracy is presumed to continue unless he withdraws from the conspiracy by the affirmative act of confessing to the police or by clear communication to his coconspirators that he is withdrawing. Wren, 363 F. 3d at 663. Simply ceasing to participate, even for extended periods of time, is not sufficient to show withdrawal. Wren, 363 F. 3d at 663.

Here, defendants have not shown at this point that the alleged conspiracy had ended or that they had affirmatively withdrawn prior to the date of the last alleged overt act, which was within the limitations period. The affidavits stating their disengagement from the business do not establish their withdrawal from the conspiracy whose purpose was much broader than the operation of the business.

While defendants attempt to characterize Phillp Priola's conduct that occurred within the statute of limitations period as post- conspiracy acts of concealment, it is apparent that such alleged conduct was part and parcel of the main criminal objective of the conspiracy as charged, to avoid tax obligations related to the operation of the business. See United States v. Maloney, 71 F. 3d 645, 659-60 (7th Cir. 1995).

For the foregoing reasons, the court denies defendants' motion to dismiss the indictment based on the statute of limitations.