Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 50039 - 1-3 | **DATE** | 8/2/2004 |
| **CASE TITLE** | United States vs. Priola | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies the motion for a bill of particulars.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | |
|---|---|
| No notices required, advised in open court. | |
| No notices required. | number of notices |
| Notices mailed by judge's staff. | |
| Notified counsel by telephone. | AUG 0 2 2004 date docketed |
| Docketing to mail notices. | |
| Mail AO 450 form. | docketing deputy initials |
| Copy to judge/magistrate judge. | |
| LC | courtroom deputy's initials |
| | date mailed notice 8-2-04 |
| | Date/time received in central Clerk's Office |
| | mailing deputy initials |

Document Number 57

U.S. DISTRICT COURT

2004 AUG -2 PM 2:25

# MEMORANDUM OPINION AND ORDER

All three defendants have filed a motion for a bill of particulars related to when each of them joined and withdrew from the conspiracy, what are the "principle"[sic] overt acts of each defendant, and "why" are Thomas Priola and Lynnann Gage responsible for the alleged acts of Philip Priola that occurred after the raid on and subsequent sale of the business.

The decision whether to require a bill of particulars is within the court's sound discretion. United States v. Canino, 949 F. 2d 928, 949 (7th Cir. 1991). The standard is whether the indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial. Canino, 949 F. 2d at 949.   For a conspiracy, no specific overt acts need be alleged. Canino, 949 F. 2d at 949.

In the present case, defendants are not entitled to a bill of particulars as to specific overt acts.  Moreover, the indictment includes an extensive list of such allegations as to each defendant.

Defendants are also not entitled to discover the legal theories of the government via a bill of particulars.  The court denies the motion as it applies to the why" behind Thomas Priola and Lynnann Gage's legal responsibility for the acts of Philip Priola.

Finally, the indictment states the approximate dates of the conspiracy.  No more specificity is required for defendants to prepare for trial.  As for withdrawal, that is matter for defendants to show should they choose to do so.

For all these reasons, the court denies the motion for a bill of particulars.