# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 50039 - 1-3 | **DATE** | 8/2/2004 |
| **CASE TITLE** | United States vs. Priola | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies the motion to dismiss for pre-indictment delay.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 02 2004 date docketed | 58 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 8-2-04 date mailed notice | |
| LC6 | | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Defendants, Philp Priola, Thomas Priola, and Lynnann Gage, have moved to dismiss the indictment based on pre- indictment delay, relying on the Due Process Clause of the Fifth Amendment and, alternatively, the Speedy Trial Clause of the Sixth Amendment.

The court rejects the Sixth Amendment claim as the Supreme Court has foreclosed that avenue under the circumstances present in this case. See <u>United States v. Lovasco</u>, 431 U.S. 783, 788 (1977).

As for a due process claim, which plays a limited role in protecting a defendant from "oppressive delay," a defendant must show "actual and substantial prejudice." <u>United States v. Canoy</u>, 38 F. 3d 893, 901 (7th Cir. 1994). The obligation to show actual and substantial prejudice is an exacting one, requiring a defendant to offer more than a "suggestion of speculative harm." <u>Canoy</u>, 38 F. 3d at 902. The prejudice must be concrete and substantial. <u>Canoy</u>, 38 F. 3d at 902. A defendant is not deprived of due process if he is only somewhat prejudiced by the lapse of time. <u>Canoy</u>, 38 F. 3d at 902. It is only if a defendant clears this "monumental hurdle" that the government need bring forth reasons for the delay and the court need balance the prejudice against the reasons. <u>Canoy</u>, 38 F. 3d at 902.

Here, defendants have not cleared the monumental hurdle of showing concrete and substantial prejudice resulting from the pre- trial delay. Their references to the loss of evidence related to certain witnesses who have either died, become incapacitated, or become temporarily unavailable, are vague at best. They have also failed to specify the absence of alternatives such as depositions or other alternative forms of evidence. Based on defendants' failure to identify actual and substantial prejudice due to pre- indictment delay, the court denies the motion to the extent it is based on the Fifth Amendment.

For the foregoing reasons, the court denies the motion to dismiss for pre- indictment delay.